UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NANCY NIETER,

    Plaintiff,

v.                                Case No.:  2:25-cv-126-SPC-NPM

HOLIDAY CVS, L.L.C. d/b/a CVS
Pharmacy #5187,

    Defendant.
                                /

## **ORDER**

Before the Court is Defendant Holiday CVS, L.L.C.'s Notice of Removal. (Doc. 1). For the reasons outlined below, Defendant must supplement the Notice.

A defendant may remove a civil action from state court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008); 28 U.S.C. § 1447(c). And "a removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Defendant removed this premises-liability action by invoking diversity jurisdiction. Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount

in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Here, the amount in controversy is dubious at best.

To establish the amount in controversy, Defendant relies exclusively on a one-million-dollar Proposal for Settlement that Plaintiff served in state court. (Doc. 1-2). That's it.[1] But a proposal for settlement—standing alone—does not establish the amount in controversy. *See Brooks v. Sears, Roebuck & Co.*, No. 6:18-CV-554-ORL-37DCI, 2018 WL 3761045, at *3 (M.D. Fla. July 2, 2018), *report and recommendation adopted*, 2018 WL 3545421 (July 24, 2018). And the proposal itself "lacks any specific information to explain why [one-million dollars] is a reasonable assessment of the value of [Plaintiff's] claim, nor does the record in this case support such a conclusion." *Hamilton v. Crete Carrier Corp.*, No. 3:24-CV-574-MMH-MCR, 2024 WL 3948869, at *4 (M.D. Fla. Aug. 27, 2024) (emphasis original) (finding a bare proposal for settlement did little to establish the amount in controversy). This suggests Plaintiff's settlement demand is nothing more than puffery. *See Auclair v. Ecolab, Inc.*, No. 2:21-CV-18-JLB-MRM, 2021 WL 1661016, at *3 (M.D. Fla. Apr. 28, 2021) (explaining that courts draw a distinction between "settlement offers steeped in puffery and posturing" and "those yielding information and a reasonable

---

[1] In a prior attempt at removing this action, Defendant relied on a civil cover sheet to establish the amount in controversy. But as the Court advised Defendant then, "the civil cover sheet is not a verified pleading or material evidence on the amount in controversy." *Nieter v. Holiday CVS, L.L.C*, No. 2:24-CV-949-SPC-KCD, 2024 WL 4956662, at *1 (M.D. Fla. Nov. 1, 2024).

assessment of value"). Without more, the Court is not satisfied that Defendant has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, it is now

**ORDERED:**

On or before **March 6, 2025**, Defendant must SUPPLEMNT its Notice of Removal consistent with this Order. **Failure to do so will result in remand without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on February 20, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3